# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **REEVES CONSTRUCTION COMPANY,** *Plaintiff,* v. **HAYWARD INDUSTRIES, INC., and DIACOM CORPORATION,** *Defendants.* | **CIVIL ACTION NO. 5:16-cv-00329-TES** |

## ORDER DENYING MOTION TO VACATE TAXATION OF COSTS

The Court entered judgment in favor of Defendants after granting their motions for summary judgment. [Docs. 98, 99, 100]. On March 7, 2019, Defendant Hayward Industries, Inc. ("Hayward") filed a bill of costs with the Clerk of Court, seeking costs in the amount of $106,333.80. [Doc. 101]. Plaintiff objected on March 21, 2019, arguing that the amount included $98,337.99 of impermissible costs under 28 U.S.C. § 1920. [Doc. 102]. After reviewing the bill of costs and Plaintiff's objection, the Clerk of Court entered a taxation of costs in the amount of $8,025.81 on March 28, 2019. [Doc. 103].

Hayward now moves the Court to vacate the Clerk's taxation of costs because the Clerk did not afford Hayward 14 days to file a reply to Plaintiff's objections pursuant to Local Rule 7.3. [Doc. 104]. Local Rule 7 pertains to motions filed with the Court, and Rule 7.3 states, "Movant's counsel shall serve any desired reply brief, argument, or affidavit

within fourteen (14) days after service of respondent's response, brief, or affidavit." In response to Hayward's motion to vacate, Plaintiff correctly points out that Local Rule 7.3 applies only to motion briefing and that taxation of costs is governed by Local Rule 54.2, which provides:

> **54.2.1     GENERALLY.**
> The clerk of court shall tax costs as authorized by the law of civil cases. See Fed. R. Civ. P. 54(d). The requests for taxation of costs by the prevailing party shall be made on a Bill of Costs form provided by the clerk. The Bill of Costs form shall be supplemented with citations of authority and copies of invoices and other supporting documentation. Opposing counsel will be given the opportunity to respond to the prevailing party's Bill of Costs.
>
> **54.2.2     TIME FOR FILING.**
> A Bill of Costs must be filed by the prevailing party within thirty (30) days from the entry of the judgment that awarded the costs. Opposing counsel shall have twenty-one (21) days from the service of the Bill of Costs to file a response.

Nowhere in Rule 54.2 is the mention of a reply to opposing counsel's response, let alone a briefing schedule for such a reply. Nor does the Federal Rule of Civil Procedure governing the taxation of costs provide for a reply. *See* Fed. R. Civ. P. 54(d)(1). Accordingly, Hayward's Motion to Vacate [Doc. 104] lacks merit and is **DENIED**.

**SO ORDERED**, this 2nd day of April, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**